IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| PATRICK COLLINS, INC., <br> Plaintiff, <br> vs. <br> DOES 1-58, <br> Defendants. | CASE No. 3:11-EV-531 <br><br> MOTION TO QUASH OR MODIFY SUBPOENA |

## MOTION TO QUASH OR MODIFY SUBPOENA

I received a letter from my ISP regarding a subpoena, which included a copy of the SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION.

From accounts of previous defendants of the attorneys handling thousands of cases identical to this one, these subpoena notifications are followed by demand letters. These letters -- which demand around $2900 to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are one of numerous reasons I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

### INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, D. Wayne O'Bryan is using improper joinders in their mass lawsuits alleging copyright

---

[1] Google search: "steele hansmeier letter"
[2] Google search: "steele hansmeier phone calls"



infringement through BitTorrent. These lawsuits include over twenty-thousand defendants in the Northern District of California alone. Patrick Collins, Inc has mass lawsuits throughout the United States; these cases are all identical to a BitTorrent case, *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.

*CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

*VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

> *Boy Racer, Inc v. Does 1-52 case 5:2011cv02329 (severed Does 2-52)*
> *Boy Racer, Inc v. Does 1-71 case 5:2011cv01958 (severed Does 2-72)*

## ARGUMENT

**1) Plaintiff Has Improperly Joined 58 Individual Defendants Based on Entirely Disparate Alleged Acts**

The Plaintiff's joinder of 58 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .
> Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782

(M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small

fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[1]

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because this improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and "drop" Does 2-58, from the case.
*See* Fed. R. Civ. P. 21.

ISP addresses do not point to individuals but point to addresses used by millions of people who use the internet secured and unsecured, wired and wireless all over the world. In this case the ISP address referred to at the time was used to enable and transmit surveillance cameras using router equipment furnished by Verizon operating wirelessly. It is normally not possible to control and secure ISP addresses from those with the technology to compromise wireless and/or internet traffic. This is a regular security problem found in many government,

---

[1] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

educational and banking installations all over the world. These organizations spend millions of dollars yearly for their security and they are still compromised time and time again.

Many of these cases involving so-called John Does illegally downloading and/or distributing a movie involve ISP addresses which are paid for by the United States Government, Banks, Educational installations and businesses.

In this case no proof has been given of damages or lost value to the Plaintiff. In order to prove damages the value of the copyright material must be established and proof of its lost value established. Organizations such as Netflix regularly provide legal streaming of a library of copyright movies for a nominal monthly fee. The revenue given the copyright holders is minimal for each movie provided by Netflix. These copyright holders or owners of the material have established their value. The Plaintiff in this case has not proved anyone would pay anything for this so-called copyright material. In fact there is no value of this so-called copyright material and that is the reason the Plaintiff is using this tactic and abusing the legal system to extract money from the thousands of defendants they are preparing to harass and attempting to blackmail all over the United States once they have the names, phone numbers and addresses to attack. The material referred to must have value in order to establish harm to the Plaintiff. Furthermore in order to monitor the use of various ISP addresses the Plaintiff had to furnish and upload the so called movie (in order to prove it exist) to the internet so that it could be shared, then monitor the ISP traffic. This renders the product worthless and allows its use for public consumption.

2) Plaintiff Impermissibly Attempts to Circumvent Procedural Protections with an Un-certifiable Class, as Federal Courts disapprove of Mass Joinder of Defendants in Copyright Infringement Cases. See Tilley v. TJX Inc., 345 F.3 rd 34,42-43 (1 st Circuit 2003).

3) Plaintiff has not established that the Court has Personal Jurisdiction over him based on the domicile of the alleged and various John Doe Defendants. See United States v. Henderson, 209 Fed Appx. 401, 402 (5th Cir. 2006).

4) Plaintiff has not met the 1st Amendment test for unmasking Anonymous Speakers. See Sony Music Entm't Inc. v. Does 1-40,326 F. Supp. 2nd 556,564 (S.D.N.Y. 2004).

5) Plaintiff has designed this lawsuit to deprive Defendant of adequate representation and in a venue and jurisdiction that is improper. In!'l Shoe Co. v. Washington, 326 U.S. 310,316 (1945) and uBID Inc. v. The GoDaddy Gm Inc., 623 F.3rd 423 (7th Cir. 2010).

**6) This subpoena would require disclosure of protected and privileged information in the form of privileged and/or financial and/or Bank regulated information protected and regulated by the laws of the United States and the State of Virginia.**

**In one particular case the IP address referred was used by security cameras at a business**

location which was not occupied by anyone at the time stated. The computer or computers used in this business is/are used to store confidential governmental and banking information and the computers are protected by the laws of the state of Virginia from disclosure unless they are disclosed to governmental regulatory agencies or their clients. There are no movies stored and never have been on any of these devices. These devices have been hacked and infected on numerous occasions over the years as have the computers of many US Government, Banking institutions, military installations and so on for years.

WHEREFORE, Doe #1-58 respectfully requests that the Court quash any outstanding subpoenas issued by the Plaintiff in this case, and require Plaintiff to immediately notify their recipients that the subpoenas have been quashed, and further requests that the Court allow movant to proceed anonymously so that the identity of movant will not be disclosed to the plaintiff unless and until the subpoena is allowed, together with such other, further and different relief the Court may deem just, proper and equitable.

Dated: 9/19/2011                                    Respectfully submitted,

                                                    s/*John Does 1-58*
                                                    John Doe
                                                    *Pro se*

CERTIFICATE OF SERVICE

I hereby certify that on 9/19/2011, I served a copy of the foregoing document, via US Mail, on:

D. Wayne O'Bryan, Esquire
1804 Staples Mill Road
Richmond, VA 23230