IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| PATRICK COLLINS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOES 1-58, <br><br> Defendants. | CIVIL ACTION NO.: 3:11CV531 <br><br> **MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE 5'S MOTION TO QUASH** |

**MEMORANDUM OF LAW IN SUPPORT OF JOHN DOE 5'S MOTION TO QUASH**

COMES NOW Defendant JOHN DOE 5 ("Doe Defendant"), by and through counsel, and, pursuant to Fed. R. Civ. P. 20(a)(2) and 21, hereby submits the following Memorandum of Law in Support of its Motion to Quash the subpoena issued by Plaintiff PATRICK COLLINS, INC. to Doe Defendant's Internet Service Provider, Comcast Corporation, on August 16, 2011. Doe Defendant also respectfully moves the Court to be dismissed from the case. The basis for Doe Defendant's motion is misjoinder in violation of Fed. R. Civ. P. 20(a)(2).

**I. Introduction**

Plaintiff is the alleged copyright owner of the hardcore pornographic film "Cuties 2." Plaintiff alleges that it filed an application for copyright registration for its adult video with the United States Copyright Office on May 26, 2011. Comp. ¶¶ 11-12. Plaintiff claims that fifty-eight John Doe Defendants, including Doe Defendant, infringed on its copyright for the pornographic work by downloading and uploading it via a peer-to-peer client, BitTorrent. On August 16, 2011, Plaintiff issued a subpoena to Comcast Corporation ("Comcast") for the identities of Comcast customers who were assigned specific Internet Protocol addresses ("IP

addresses"), including an IP address allegedly assigned to Doe Defendant.

Over the past several years, copyright owners across the nation, even those such as Plaintiff, who is yet to receive a copyright registration for its hardcore pornography, have attempted to take advantage of federal joinder rules in order to sue numerous John Doe defendants within a single complaint. These complaints are for copyright infringement via the Internet, and the complaints generally allege the use of peer-to-peer programs such as BitTorrent to download and/or upload copyrighted works. Some of these cases attempt to join defendants by the dozens, but many extend to hundreds and even thousands of unnamed defendants. *See infra*. Some courts have opined that the rationale for the joinder of multiple defendants in these copyright cases is an attempt by plaintiffs to "identify hundreds of Doe defendants through pre-service discovery and facilitate mass settlement." *See, for example, On the Cheap, LLC v. Does 1-5011*, Case No. C10-4472, *11 (Zimmerman, M.J.) (N.D. Cal. Sept 6, 2011) (quoting *IO Group, Inc. v. Does 1-435*, 2011 U.S. Dist. LEXIS 14123, *9 (N.D. Cal. Feb. 3, 2011)).

Doe Defendant notes that this is not Plaintiff's first mass-defendant copyright infringement lawsuit. For example, a similar copyright infringement suit regarding a different pornographic video was filed by Plaintiff in the Northern District of West Virginia against 281 John Doe defendants. In that case, all John Doe defendants except for John Doe 1 were severed on the basis of misjoinder, and subpoenas for the identities of the severed defendants were quashed. *See Patrick Collins, Inc. v. Does 1-281*, Case No. 3:10-cv-00091, *3-4 (Bailey, J.) (N.D. W.V. Dec 16, 2010). It appears that after failing in West Virginia, Plaintiff now asserts similar claims before this Court.

Doe Defendant asserts that misjoinder is present in this case as well, and on that basis Doe Defendant respectfully moves this Court to quash the Comcast subpoena and to dismiss Doe

Defendant from the case.

## II. Standard of Review

Under the Federal Rules of Civil Procedure, joinder of defendants is appropriate where two factors are met: 1) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and 2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). If it is clear that misjoinder has occurred, then Fed. R. Civ. P. 21 permits a court, by a party's motion or *sua sponte,* to drop parties or to sever claims. "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

## III. Argument

The subpoena issued by Plaintiff to Comcast should be quashed as to Doe Defendant because Doe Defendant was improperly joined to this litigation. Doe Defendant also moves the Court to dismiss it from this case due to misjoinder.

The gravamen of Plaintiff's Complaint is that John Doe Defendants all used a peer-to-peer client called BitTorrent to download and simultaneously upload the pornographic video. Essentially, Plaintiff alleges that all the John Doe Defendants "downloaded" the adult film and then "distributed" parts of that film to IPP, Limited, a company retained by Plaintiff to identify copyright infringement. Comp. ¶¶ 36-40. Yet other than some conclusory language regarding contributory copyright infringement and mischaracterizations of the application of BitTorrent "swarms," discussed *infra*, there are no allegations that the John Doe Defendants acted in concert to infringe Plaintiff's alleged copyright or that they were part of the same "transaction, occurrence, or series of transactions or occurrences" as required under Fed. R. Civ. P. 20(a)(2).

Plaintiff's entire Complaint rests upon the premise that merely using BitTorrent to download the same file is sufficient to join different parties together as defendants in a single lawsuit.

However, numerous courts across the country have held that allegations that John Doe defendants "used the same peer-to-peer network to infringe a plaintiff's copyrighted works are insufficient for joinder of multiple defendants under [Fed. R. Civ. P.] 20." *Boy Racer, Inc. v. Does 1-60*, Case No. 3:11-cv-01738, *2 (Illston, J.) (N.D. Cal. Aug 19, 2011). The Northern District of California summarized some of these holdings:

> … *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. Feb. 27, 2008) (ordering the severance of claims against thirty-eight defendants where plaintiff alleged each defendant used the same ISP as well as the same peer-to-peer network to commit the alleged copyright infringement, but there was no assertion that the multiple defendants acted in concert); *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between defendants was allegation that they used same ISP and peer-to-peer network to conduct copyright infringement); *see also BMG Music v. Does*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (Patel, J.) (N.D. Cal. July 31, 2006) (finding improper joinder of four Doe defendants where the complaint alleged that each defendant used the same ISP to engage in distinct acts of infringement on separate dates at separate times, and there was no allegation that defendants acted in concert); *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. Nov. 16, 2004) (Alsup, J.) (severing twelve Doe defendants in a copyright infringement case where although defendants used the same ISP to allegedly infringe motion picture recordings, there was no allegation that the individuals acted in

concert); *cf. In the Matter of DIRECTV, INC.* 2004 U.S. Dist. LEXIS 24263, No. 02-5912 (Ware, J.) (N.D. Cal. Jul. 26, 2004) (severing and dismissing hundreds of defendants in a case alleging that defendants purchased and used modified access cards and other pirate access devices to permit view of plaintiff's programming without authorization).

*Boy Racer*, Case No. 3:11-cv-01738 at *2-3. Other cases holding similarly include multiple West Virginia cases (*see, for example, Patrick Collins*, Case No. 3:10-cv-00091, *3; *Third World Media, LLC v. Does 1-1,243*, Case No. 3:10-cv-00090, *3 (Bailey, J.) (N.D.W.V. Dec. 16, 2010); *Combat Zone, Inc. v. Does 1-245*, Case No. 3:10-cv-00096, *3 (Bailey, J.) (N.D.W.V. Dec. 16, 2010); and *Axel Braun Production v. Does 1-7,098*, Case No. 3:10-cv-00112, *3 (Bailey, J.) (N.D.W.V. Dec. 23, 2010), all holding that "defendants' alleged use of some of the same ISPs and P2P networks to commit copyright infringement is, without more, insufficient for permissive joinder under Rule 20"); *Lightspeed v. Does 1-1,000*, 2011 U.S. Dist LEXIS 35392 (N.D. Ill. March 31, 2011) (finding misjoinder in a multiple-defendant copyright case involving BitTorrent); multiple cases from Texas (*see, for example, Funimation Entertainment v. Does 1-1337*, Case No. 3:11-cv-00147-F, *3 (Furgeson, J.) (N.D. Tx. Feb. 10, 2011), holding that the plaintiff failed to allege any relationship among the defendants or any allegations that defendants acted in concert: "Plaintiff makes no allegation in this case that the claims against the joined defendants 'arise out of the same transaction, occurrence, or series of transactions or occurrences.' Instead, it seems that the copyright infringement claim against each Defendant is based on the individual acts of each Defendant"); and multiple California cases (*see infra*). In summation, courts from multiple jurisdictions have repeatedly concluded that "merely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *Laface Records*, 2008 WL 544992 at *2.

The Northern District of California has severed defendants and quashed subpoenas in multiple copyright infringement cases involving BitTorrent, including *Boy Racer*, Case No. 3:11-cv-01738; *IO Group, Inc. v. Does 1-19*, 2010 U.S. Dist. LEXIS 133717 (N.D. Cal. Dec. 7, 2010); and *IO Group, Inc. v. Does 1-435*, 2011 U.S. Dist. LEXIS 14123 (N.D. Cal. Feb. 3, 2011). In *IO Group v. Does 1-19,* the plaintiff claimed that nineteen different defendants reproduced eighteen different copyrighted films on fifteen different days. "The Court found that the plaintiff's allegations that the defendants conspired with each other to provide the infringing reproductions of the works were 'wholly conclusory and lack[ed] any facts to support an allegation that defendants worked in concert to violate plaintiff's copyrights'." *Boy Racer*, Case No. 3:11-cv-01738 at *3 (quoting *IO Group v. Does 1-19*, 2010 U.S. Dist. LEXIS 133717 at *8-9). "The Court held that the 'only factual allegation connecting the defendants' – the allegation that they all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work – was insufficient for joinder of multiple defendants under Rule 20." *Id.* "Similarly, in *IO Group v. Does 1-435*, the Court severed the Doe defendants, holding that use of the same ISP and peer-to-peer network was not sufficient for joinder, and that any 'potential conspirator liability, based solely on use of a P2P network,' does not stretch 'so far as to make joinder of all users of a P2P network in one action proper.'" *Id.* at *4 (quoting *IO Group v. Does 1-435*, 2011 U.S. Dist. LEXIS 14123 at *15-16).

As the Northern District of California noted, "Courts have held specifically that the nature of the BitTorrent protocol does not make joinder appropriate where defendants allegedly used BitTorrent to infringe copyrighted works." *Boy Racer*, Case No. 3:11-cv-01738 at *4. "In *Diabolic Video Productions*, the plaintiff alleged that 2,099 different defendants 'acted in cooperation' with one another 'by agreeing to provide, and actually providing on a P2P network,

an infringing reproduction' of the plaintiff's work." *Id.* (quoting *Diabolic Video Productions v. Does 1-2,099*, 2011 U.S. Dist. LEXIS 58351, *10 (Grewal, M.J.) (N.D. Cal. May 31, 2011)). The plaintiff in *Diabolic Video* claimed that the "[d]efendants joined in a common 'swarm,' . . . that qualifies as the single transaction or series of closely-related transactions recognized under Rule 20." *Id.* (quoting *Diabolic Video*, 2011 U.S. Dist. LEXIS 58351 at *10). "However, the court found that, apart from the allegation that the defendants all used the same peer-to-peer network to reproduce and distribute the plaintiff's copyrighted work, the plaintiff offered 'no allegations whatsoever to support its theory of a single or closely-related transactional theory.'" *Id.* (quoting *Diabolic Video*, 2011 U.S. Dist. LEXIS 58351 at *10).

*Boy Racer* is on point. In that case, the Northern District of California concluded that the plaintiff failed to "plead facts showing that any particular defendant illegally shared plaintiff's work with any other particular defendant." *Boy Racer*, Case No. 3:11-cv-01738 at *5. Similarly, in this case, Plaintiff has not alleged that the John Doe Defendants shared the pornographic video with other John Doe Defendants; the Complaint merely alleges that all John Doe Defendants apparently connected with IPP, Limited's computer on different dates and times. Comp. Exhibit A. The Northern District of California court also noted, "The Exhibit attached to plaintiff's complaint indicates that defendants were allegedly present in BitTorrent swarms on approximately 18 different dates, and that defendants used approximately nine different ISPs." *Id.* at *5-6. In the present case, Plaintiff, apparently realizing that it must allege some common transaction or occurrence in order to survive a motion to quash, attempts to portray all the John Doe Defendants are being a part of a single swarm. Comp. ¶¶ 31-33, 55-58. However, this claim is contradicted by Exhibit A of Plaintiff's Complaint, which shows that John Doe Defendants allegedly communicated with IPP, Limited's computer on multiple dates spanning a

period of **two months**. Notably, the date and time that Doe Defendant allegedly communicated with IPP, Limited's computer, May 31, 2011 at 15:54, fails to coincide with the same dates and times of any of the other John Doe Defendants. Comp. Exhibit A. Thus, the logical conclusion is that the John Doe Defendants were part of *multiple* transactions, which is what the courts in *Boy Racer* and *On the Cheap Order* also concluded. The court in *On the Cheap Order* stated: "In *Boy Racer,* the Court was not persuaded by the copyright holder's argument, which plaintiff sets forth here, that all of the defendants were involved in the same transaction because each one of them joined the same 'swarm' to download or distribute the copyrighted movie and were therefore acting in concert. *Boy Racer* found that the large gap of time – six weeks – between the alleged infringing act of the first Doe and the last Doe showed that the defendants may not have been cooperating with each other. The same is true for this case since Doe 1's infringing act allegedly happened on June 19, 2010 while Doe 5011's infringing act took place almost seven weeks later on August 6." *On the Cheap*, Case No. 3:10-cv-04472 at FN4 (internal citations omitted).

If the Court were to accept Plaintiff's rationale, then from the instant that a BitTorrent seed begins sharing a file with another peer, a single "swarm" would be created and would exist until the very last instant when a peer was sharing a file with another peer. Thus, a single swarm could conceivably last until perpetuity – or, more realistically, weeks, months, or even years. Someone who started a download six months after a BitTorrent torrent descriptor file was initially made available would thus, per Plaintiff's characterization, be considered a participant in the same swarm as someone who had already completed the download, and was perhaps no longer even sharing the file, five months and twenty-nine days earlier. Under Plaintiff's theory, the two individuals – whose computers may never have even communicated with each other –

could be joined together as co-defendants in a single lawsuit, as a plaintiff could argue that they were both part of a single swarm and thus were both a part of the same transaction or series of transactions. Such a scenario is obviously overly broad in terms of joinder and was therefore rightfully rejected by other courts. Rejecting this scenario is further bolstered by other facts. For example, as many Americans presently have access to high-speed Internet and even multi-gigabyte files can be downloaded within a matter of hours, since Plaintiff's alleged logs span two months, it is not clear how Plaintiff can seriously claim that each and every John Doe Defendant participated in the same transaction or same series of transactions. In order to transfer a file, the BitTorrent client must be open and the BitTorrent torrent descriptor file must be loaded into the client. Once a download is complete, an individual may exit out of the BitTorrent client, delete the BitTorrent torrent descriptor file, and/or eventually delete the downloaded file; in any of those situations, the file that was downloaded would no longer be shared with other peers. Additionally, to track the IP addresses used to download the pornographic video, IPP, Limited initiated a download of the film using a BitTorrent client. Comp. ¶ 40. Its own download of the adult video would hardly have taken two months to complete, and thus it would have had to initiate a new download each time the previous download completed. This is presumably what happened based upon Plaintiff's allegation that "**each** of the Defendant's computers used their identified IP addresses to connect to the investigative server from a computer … in order to **transmit a full copy**, or a portion thereof, of a digital media file." Comp. ¶ 40 (emphasis added). Therefore, by Plaintiff's own admission, IPP, Limited was involved in *multiple* file transfers, i.e., multiple transactions. Doe Defendant also notes that the "hash number" that Plaintiff mentions in its Complaint does not identify a particular transaction or occurrence, but rather, it is used to identify the particular file that is being transmitted. All individuals who

downloaded the file via BitTorrent would – or should – have the same hash number for the file, regardless of when they downloaded it or from which computers they received pieces of the file.

Therefore, Plaintiff's contention that the John Doe Defendants were all part of the same transaction, occurrence, or series of transactions or occurrences is without merit. The Complaint does not otherwise allege that John Doe Defendants were related in any way; the Complaint also does not allege any facts to support the conclusory claim that John Doe Defendants knew about each other. Thus, it is clear that Plaintiff's Complaint is no different from other peer-to-peer complaints made and rejected by courts across the country. As the Northern District of California stated: "The nature of the BitTorrent protocol does not justify joinder of these otherwise unrelated Doe defendants. The BitTorrent protocol is of the same peer-to-peer architecture of other peer-to-peer protocols where this Court and other courts have found joinder improper. Allegations that defendants used a single peer-to-peer network to download plaintiff's works – on different days, at different times, and through different ISPs – is insufficient to allow plaintiff to litigate against sixty different defendants in one action." *Boy Racer*, Case No. 3:11-cv-01738 at *6.

Furthermore, courts have found improper joinder in multiple-defendant copyright cases because each defendant is likely to have a different defense:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, Case No. 04-650, 2004 WL 953888, *1 (E.D. Pa. Apr. 2, 2004); *see also Third World Media*, Case No. 3:10-CV-90 at *3 and *On the Cheap*, Case No. 3:10-cv-04472 at *6 ("one factor weighing in favor of severance is that since the claims against the different Defendants most likely will involve separate issues of fact and separate witnesses, different evidence, and different legal theories and defenses, which could lead to jury confusion, separate trials will be required for each Defendant" (internal citations and quotation marks omitted)).

Plaintiff has therefore failed to allege facts sufficient to support proper joinder under Fed. R. Civ. P. 20(a)(2). Specifically, Plaintiff has failed to demonstrate in its Complaint the existence of the "same transaction, occurrence, or series of transactions or occurrences" under the first prong of the test. Doe Defendant has thus been improperly joined to this suit. Consequentially, for the reasons presented, Doe Defendant respectfully requests that the Court quash Plaintiff's subpoena to Comcast as to Doe Defendant, and Doe Defendant also moves the Court to dismiss Doe Defendant from the case pursuant to Fed. R. Civ. P. 21.

Dated: September 26, 2011                    JOHN DOE 5

/s/ Jacqueline K. Chiang
Jacqueline K. Chiang (VSB #73577)
Domingo J. Rivera, Attorney at Law, PLC
8527 Mayland Drive, Suite 107
Richmond, VA 23294
Telephone: 804-332-6585
Fax: 866-651-2004
Email: jackie@cyberinternetlawyer.com

Eric James Menhart (D.C. Bar #975896) – *pro hac vice motion pending*
CyberLaw PC
1200 G. St. NW, Suite 800

Washington, DC 20005
Telephone: 202-904-2818
Fax: 202-403-3436
Email: eric.menhart@cyberlaw.pro
*Counsel for Defendant JOHN DOE 5*

## **CERTIFICATE**

I hereby certify that on the 26th day of September, 2011, I sent a copy of the foregoing via fax at (866) 947-5587 to Comcast Corporation, 650 Centerton Road, Moorestown, NJ 08057. Additionally, I hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following:

D. Wayne O'Bryan, Esq. (VSB #05766)
O'Bryan Law Firm
1804 Staples Mill Road
Richmond, VA 23230
Telephone: (804) 643-4343
Facsimile: (804) 353-1839
dwayneobryan@gmail.com
*Counsel for Plaintiff Patrick Collins, Inc.*

/s/ Jacqueline K. Chiang
Jacqueline K. Chiang (VSB #73577)
Domingo J. Rivera, Attorney at Law, PLC
8527 Mayland Drive, Suite 107
Richmond, VA 23294
Telephone: 804-332-6585
Fax: 866-651-2004
Email: jackie@cyberinternetlawyer.com

Eric James Menhart (D.C. Bar #975896) – *pro hac vice motion pending*
CyberLaw PC
1200 G. St. NW, Suite 800
Washington, DC 20005
Telephone: 202-904-2818
Fax: 202-403-3436
Email: eric.menhart@cyberlaw.pro
*Counsel for Defendant JOHN DOE 5*