**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

PATRICK COLLINS, INC.,

Plaintiff,

v.

JOHN DOES 1-58,

Defendants.

**CASE NO. 3:11-cv-00531-JAG**

**DECLARATION IN SUPPORT OF MOTION FOR RECONSIDERATION AND RESPONSE TO SHOW CAUSE ORDER (DOCKET # 22)**

I, D. WAYNE O'BRYAN, DO HEREBY DECLARE:

1. My name is D. Wayne O'Bryan and I am over the age of 18 and am otherwise competent to make this declaration.

2. I have been retained by Plaintiff in this matter.

3. I have personal knowledge of the facts stated in this declaration.

4. Plaintiff and I *sincerely* apologize to the Court for not explaining the litigation strategy set forth in this declaration via a notice which could have been filed in advance of the Court issuing its show cause order.

5. Plaintiff was voluntarily dismissing movants who were seeking to sever Doe Defendants and suing each of them individually in the hopes that by doing so it would cause future Doe Defendants in similar litigations in this District and around the country to stop filing these motions.

6. Plaintiff and undersigned genuinely believe these motions to quash are filed in bad faith and that none of the movants seeking severance sincerely want to be sued in an

individual suit because it costs more and therefore the settlement amount necessarily must higher.

7. According to Graham Seifert, one of the primary author of these motions, "[m]y dream would be to have 10,000-20,000 people file all three documents to the lawyers and severely cripple the entire process." See http://lawvibe.com/uscg-sues-bittorrent-users-graham-syfert-of-affinity-law-firm-defends/.

8. A simple internet search reveals that there are numerous BitTorrent Defense Kits available which promote these types of motions and that there are innumerable free internet interest groups also promoting these types of motions.

9. These motions will not work because the problem for copyright owners is too substantial. Nevertheless these motions are expensive to defend against. Indeed, many intentionally raise issues that have absolutely nothing to do with the subject matter before the court thus requiring Plaintiff to spend resources arguing against abstractions.

10. Plaintiff has received hundreds and hundreds of cut and paste motions to sever and/or quash in similar litigations across the country.

11. The cut and paste motions have been put on BitTorrent and other websites containing instructions on how to complete these and are being downloaded by the Doe Defendants and their counsel in these matters. See http://www.kat.ph/search/law%20firm/. Accord Maverick Entertainment Group, Inc. v. Doe --- F.Supp.2d ----, 2011 WL 1807428 (D.D.C. 2011) finding "the Court recognizes that "at least two" putative defendants (Jasmin Silva, ECF Nos. 56; Mark Benavides, ECF No. 92) have "substantially copied" and filed briefs prepared and submitted by attorney Eric J. Menhart on behalf of his five clients: Xiangping Xu (ECF No. 56), Lori Pearlman (ECF No. 58), Cedric Johnson (ECF Nos. 14, 60), Antonio Forte

(ECF No. 85), and Darrin Ross (ECF No. 108). *See* Eric J. Menhart's Notice re: Unauthorized Copying of Brief, ECF No. 124. Like Mr. Menhart, the Court notes the "irony" of such actions in a lawsuit involving copyright infringement."

12. The law firm of Fletcher, Heald & Hildreth, PLC weighed in with further analysis about motions to quash asserting that "any bump in the litigation road costs money and devalues the lawsuit." See http://www.commlawblog.com/2011/04/articles/intellectual-property/trolls-on-a-roll/.

13. Plaintiff has every intention of suing every one of the movants that file a motion to sever and proceeding to trial if necessary.

14. Plaintiff was not dodging the joinder argument because it was afraid to make it; indeed, Plaintiff had already made and won the joinder in this District.

15. From reports received by Plaintiff's investigator, IPP Limited, undersigned knows that Plaintiff's movies are being illegally downloaded through the BitTorrent peer-to-peer file sharing protocol by people residing in the U.S. well over 100,000 times a month.

16. For example, through similar copyright infringement suits filed by Plaintiff's lawyers across the country, a police department running a covert investigation was identified as a John Doe defendant; Plaintiff voluntarily dismissed that John Doe. Many John Doe defendants are destitute and therefore not worth suing. Several of the John Doe Defendants have died prior to being identified. Several John Does have been public or political figures who Plaintiff did not to choose to sue.

17. Plaintiff loses 10-15% of the Doe Identities it subpoenas nationally due to ISP data failure or deletion issues.

18. Due to the dynamic ISP issue, Plaintiff has sued the same Doe Defendant innumerable times several joined suits across the country.

19. Plaintiff did not call any of the Doe Defendants in this case prior to being called by them in response to the subpoena notices that the Doe received. The Doe Defendants that called Plaintiff generally wanted to discuss settlement options.

20. Plaintiff has not sent out any demand letters to the Doe Defendants in this case.

21. From statistics suing 1000s of people nationally, Plaintiff knows that in any given joined suit 35-55% of the Doe Defendants will settle very early in the litigation.

22. The settlement demands that Plaintiff makes of the Doe Defendants is consistent with the low end of the amounts awarded in the Capitol and Sony cases plus the legal fees and costs associated therewith.

23. Increasing the costs associated with this litigation by forcing Plaintiffs to file individual suits would only increase the settlement demands, make settlements less probable.

24. The amount of the labor and expense associated with BitTorrent peer-to-peer copyright litigation may make it prohibitively expensive to sue IP addresses prior to knowing that any particular IP address resolves to a solvent individual who could be served.

25. Plaintiff intends to show the jury the torrent website from which Defendants downloaded Plaintiff's movie, which contains movies currently out in theaters and songs no rational person would think are available for free.

26. Plaintiff's investigators use the Hash Value as a digital fingerprint that enables Plaintiff to ensure that all of the infringements alleged in this suit come from the exact same torrent file. Significantly, many of Plaintiff's movies are turned into numerous different torrent files. Plaintiff has not combined infringers of different torrents of the same movie into this suit.

**FURTHER DECLARANT SAYETH NAUGHT**

**ATTESTATION**

PURSUANT TO 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 10th day of October 2011.

By: ______________________
D. Wayne O'Bryan, Esq.